# Exhibit 1

IN THE SUPERIOR COURT OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | | |
|---|---|---|
| TOM CHEN, | ) | Case No. |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | COMPLAINT |
| | ) | |
| VERTICAL SCREEN, INC. a Delaware Corporation, Doing business as TRUESCREEN, INC. | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

COMES NOW the Plaintiff, Tom Chen, Pro Se, alleges as follows:

### I. PARTIES

1. Plaintiff is a citizen of the United States. At all times material to this action Plaintiff was a permanent resident in King County, Washington.

2. Upon information and belief, Defendant VERTICAL SCREEN, INC. is a Delaware corporation, doing business as Truescreen Inc, headquartered at 251 Veterans Way Warminster PA 18974, Bucks County, Pennsylvania.

### II. JURISDICTION AND VENUE

1. All acts and omissions complained of herein occurred in King County, Washington.
2. Venue is proper in King County, Washington pursuant to
RCW 4.12.025(1)

### III. FACTS AND CIRCUMSTANCES

The following factual allegations are not intended to be exhaustive in nature and are

written

solely to provide notice to the Defendant of the general nature of Plaintiff's complaint.
1. Plaintiff's employer Vedainfo made a request to use Truescreen on May 12 2017 for a background report on Plaintiff. Attached as Exhibit X is a true and correct copy of email that Plaintiff received on May 12 2017 from Truescreen as part of its reporting / screen initiation, file "Ex X Truescreen request By Vedainfo 05122107.pdf"

Tom Chen
18878 108th Lane SE, Renton, WA 98055
(425) 572-6700 phone; (615) 858-9568 fax

2. Truescreen completed and provided a copy of their investigation report on May 18 2017, as file "Ex D Background check report by Truescreen 05182017 requested by Vedainfo Tom Chen.pdf".

3. In the Truescreen's report of Plaintiff, Case Status was marked as 'X'( in Red )– Review.(page 1 Ex. D)

4. On summary page ( (page 1 Ex. D)) for service 'National Criminal Database', Subject Name: Tom Chen, again Status was marked as 'X'( in Red )– Review.

5.  On page 6 of 7 (page 6 Ex. D), Source Searched: National Criminal Database, Date of Search, Results as:"Records found", Case Number: 1ZC001004. Address shows Plaintiff's current address of 18878 108th Ln SE, Renton, WA 98055. It list two counts , count 1 Misdemeanor , count 2 as Assault – 4th Degree, both incorrectly showed as 'Dismissed'. The fact was 'Dismissed with Prejudice", as shown by Pierce County District Court order on 5/27/2011, Exhibit A.

6. Attached as Exhibit A is a true and correct copy of the Court Order from Prosecutor's first lawsuit against Tom Chen. It shows the charges were dismissed with prejudice on 5/27/2011 by Pierce County District Court.

7. Attached as Exhibit B is a true and correct copy of Tom Chen's criminal history report from Washington State Patrol (WSP).

8. Attached as Exhibit C is a true and correct copy of Tom Chen's Request For Expungement / Deletion Of Non-conviction Records that I made and mailed on 5/21/2017.

9. Attached as Exhibit D is a true and correct copy of Tom Chen's background check report obtained and compiled by Truescreen Inc on 5/18/2017 per request by employer VedaInfo Inc on 5/12/2017.

10.     Case History or Record for Case Number: 1ZC001004 as reported by Truescreen.

☒ I was not convicted of the charge.
☒ This case was dismissed with prejudice on 5/27/2011 as in  Exhibit A.
☒ The case was dispositioned approx..**SIX** years ago
☒  I have no criminal history per WSP as in Exhibit B.
☒  I have requested WSP to expunge this record on 5/21/2017 as in Exhibit C.
.

Tom Chen
18878 108th Lane SE, Renton, WA 98055
(425) 572-6700 phone; (615) 858-9568 fax                                        Page **2** of **6**

11. **Personal Injury and Harm**. However the existence of this record in the Truescreen's "National Criminal Database" searchable by public has caused my loss of my current job and failure to onboard to Microsoft project due to strict background checks such as shown by Exhibit D (page 6/7) for example, list this record on page 6 as 'REVIEW' as obtained by my employer Vedainfo from Truescreen Inc.

12. Attached as Exhibit E is a true and correct copy of Tom Chen's email to Vedainfo that I started my job at Infosys client office on 5/16/2017 per Vedainfo direction.

13. Plaintiff called Truescreen numerous times on or around 5/23/2017, demanding them to remove the incorrect record, or get an update from WSP ( Washington State Patrol ) system. As a matter of fact WSP has no record for Tom Chen as shown in Exhibit B. Truescreen staff refused to honor Plaintiff's request, refused to delete the criminal record. Plaintiff further engaged HR manager Mr. Anup Agarwal in a conference call with Truescreen on 5/25/2017 to see if they could rerun a report, Truescreen refused.

14. Attached as Exhibit F is a true and correct email copy from client Infosys manager Mr. Sriharsha Vunnava to Tom Chen that Tom Chen's Truescreen background check report status is not considered Cleared as of May 25 2017, preventing client from issuing Tom Chen required Microsoft network id to begin substantial work.

15. Attached as Exhibit G is a true and correct copy of email that Tom Chen received at 2:42pm on 05/26/2017 from Anup Agarwal HR Manager at VedaInfo who told Tom Chen "Please do not report to work at Infosys office or continue any work until further notice. " According to several phone calls and emails from Mr Anup Agarwal, the termination reason was due to Tom Chen's background check report ( Case Status ) listed As "Review" instead of "PASS" as on top of first page of Exhibit D.

16. Attached as Exhibit H is a true and correct email copy of offer letter that Tom Chen received on May 10 2017 from employer HR manager Anup Agarwal , stating the job W2 pay rate is $55 Hourly all inclusive, to be paid twice in a month.

17. Attached as Exhibit I is a true and correct copy of paystub that Tom Chen received at ADP payroll site, for 32 hours of pay for work from 5/16/2017 – 5/19/2017.

18.     Attached as Exhibit J is a true and correct copy of unemployment benefit balance that Tom Chen has with State of Washington Employment Security. As of 4/23/2017 Tom Chen only had about $4767.00 as remaining unemployment benefit, nearly exhausted.

19.     Attached as Exhibit K is a true and correct copy of several lawyers replying to an individual who had a similar incident due to Truescreen's negligence and irresponsible reporting of his background, the post as well as replies is located at https://www.avvo.com/legal-answers/the-company-truescreen-did-an-employment-backgroun-1876664.html

20.     Lawyer Neil Pedersen wrote: Any recourse you might have will be against Truescreen, not the employer. It is not unlawful for an employer to rely on untrue and inaccurate information in denying employment to a prospective employee. Whether or not you have a meritorious claim against the reporting company will depend on many factors, but the difficulty in that litigation to get substantial damages would be in proving that you would have been hired but for their inaccurate report.

Lawyer Andrew Louis Weiner
Wrote:
As for Truescreen, there are several potential issues, including:
The FCRA requires that background check companies use reasonable procedures to ensure maximum possible accuracy of the content of a background report. Associating your background report with criminal charges that do not belong to you is unacceptable, and likely violates the FCRA's accuracy requirements.

## IV. WASHINGTON LAW AGAINST RETENTION OF NONCONVICTION RECORD

1. Plaintiff alleges and incorporates by references paragraphs I-III.
2. Defendant's failure to delete the incorrect and harmful record.
3. Under RCW 10.97.060, a criminal history record on file with a law

    enforcement agency is to be deleted at the request of the person who is the

    subject of the record if:

The file consists of only nonconviction data;

At least two years have elapsed since the record became nonconviction data as the result of entry of a disposition favorable to the defendant, or at least three years have elapsed

from the date of arrest or issuance of a citation or warrant for which a conviction was not obtained (unless the defendant is a fugitive or the case is under active prosecution);

The disposition was not a deferred prosecution or similar diversion of the alleged offender;

The person has not had a prior conviction for a felony or gross misdemeanor; and

The person has not been arrested for or charged with another crime during the intervening period.

Plaintiff believes Defendant Truescreen violated RCW 10.97.060 as well as FCRA.

### VI. RELIEF REQUESTED

1. Plaintiff respectfully requests this Honorable court to order / demand Truescreen Inc. and any or all of its clients or data subscribers, resellers to immediately delete, destroy any reports or records in their possession or control, and / or in any media or form of storage, electronic or hard print, which contains the nonconviction record(s) as stated in paragraphs 3, 4, 5 in Section III.

2. As a result of the fact stated in III. 18, Ex. J, and as an emergency relief and assistance, Plaintiff requests this Honorable court to order Truescreen Inc to pay Plaintiff monthly at his pay rate of $8800.00 that Plaintiff was expected to receive from his prior employer VedaInfo Inc. Payment is to be immediately due and payable monthly and continues indefinitely before Plaintiff could find another gainful employment as there's sufficient evidence that Truescreen's irresponsible and unlawful retention, dissemination, and reporting of the criminal record in Tom Chen's background report was a direct cause of Plaintiff's loss of the current contract job. It's also a most probable cause that Plaintiff has found difficulty in the last seven months in job searches as most agents, recruiters asked Plaintiff for personal identification info ( SSN, Date of birth ) before they agreed to submit Plaintiff's profile and resume to any prospective clients and employers.

3. Plaintiff requests this court to find in favor of Plaintiff and against Defendant on Plaintiff's cause of action and claims, in amounts to be proven at trial, with interest accruing thereon.

4. Plaintiff seeks general and special damages in amounts to be proven at trial.

Plaintiff seeks such further and additional equitable and legal relief as the court deems just and equitable.

DATED: this  27th  day of May, 2017.

*[signature]*

TOM CHEN
18878 108th Lane SE
Renton, WA 98055
(425) 390-4330
(615) 858-9568 fax