UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TOM CHEN,

                Plaintiff,

v.

VERTICAL SCREEN, INC., et al.,

                Defendants.

CASE NO. C17-0938JLR

ORDER ON MOTION TO DISMISS

## I.    INTRODUCTION

Before the court is Defendants Vertical Screen, Inc., and Truescreen, Inc.'s (collectively, "Defendants")[1] motion to dismiss *pro se* Plaintiff Tom Chen's complaint

//

//

---

[1] Defendants contend that Mr. Chen erroneously sued them as "Vertical Screen, Inc. *dba* Truescreen, Inc.," when in fact Vertical Screen, Inc. is a separate entity that is Truescreen, Inc.'s corporate parent. (*See* MTD (Dkt. # 7) at 1.) Because "for the sake of this motion, Defendants . . . assume [Mr. Chen's] allegations embrace both companies" (*id.*), the court analyzes the motion accordingly.

ORDER - 1

pursuant to Federal Rule of Civil Procedure 12(b)(6). (MTD (Dkt. # 7).) The court has considered the parties' submissions, the relevant portions of the record, and the applicable law. Being fully advised,[2] the court grants Defendants' motion for the reasons set forth below.

## II. BACKGROUND

Mr. Chen filed a complaint against Defendants in King County Superior Court on May 30, 2017, alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and Washington's Criminal Records Privacy Act ("CRPA"), RCW ch. 10.97. (*See* Compl. (Dkt. # 1-1) at 4-5.) On June 19, 2017, Defendants removed the case to this court based on diversity and supplemental jurisdiction. (*See* Not. of Removal (Dkt. # 1) at 2); 28 U.S.C. § 1331; *id.* § 1367.

Defendants are consumer reporting agencies that assemble information on consumers for the purpose of furnishing consumer reports to third parties. (*See* MTD at 2); 15 U.S.C. § 1681a. Mr. Chen alleges that his employer obtained a background report on him from Defendants on May 18, 2017. (*See* Compl. at 2.) The report stated that Mr. Chen was subject to two misdemeanor criminal charges that had been dismissed on May 27, 2011. (*Id.*) The results of Defendants' report allegedly prevented Mr. Chen from obtaining security credentials required to work on a specific project, and as a result, his employer terminated his employment. (*See id.* at 3.) Mr. Chen alleges that Defendants'

//

---

[2] No party requests oral argument, and the court concludes that oral argument would not be helpful to its disposition of the motion. *See* Local Rules W.D. Wash. LCR 7(b)(4).

staff "refused to delete the criminal record" when he contacted them on May 23, 2017. (*See id.*)

After Mr. Chen filed his complaint, he obtained, in a separate state court proceeding, an order expunging the case records for the dismissed charges that Defendants reported. (*See* Resp. at 3, Ex. U ("Pierce Cty. Dist. Ct. Order").) The order directs state, county, and local "government agencies, federal or national background reporting companies (including but not limited to Truescreen, Inc.), [and] credit bureaus" to "expunge related records in their possession or control." (*See* Pierce Cty. Dist. Ct. Order at 1.)[3]

On June 26, 2017, Defendants filed a motion to dismiss Mr. Chen's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (*See* MTD at 1.) Defendants' motion is now before the court.

### III.   ANALYSIS

**A.   Legal Standard**

Rule 12(b)(6) provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). While "detailed factual

---

[3] The court takes judicial notice of the state court order expunging Mr. Chen's records. (*See* Pierce Cty. Dist. Ct. Order.) Although the general rule is that a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion, "a court may take judicial notice of matters of public record." *Lee v. City of L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001) (citing Fed. R. Evid. 201) (internal quotation marks omitted). Thus, courts may properly take judicial notice of "proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (taking judicial notice of a state court's final judgment). The court accordingly takes judicial notice of the expungement proceedings before the Pierce County District Court, which have a directly relate to the matters at issue in this case.

allegations" are not required, a complaint must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In other words, a complaint must have sufficient factual allegations to "state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Under Rule 12(b)(6), dismissal can be based on "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

When considering a motion to dismiss under Rule 12(b)(6), the court construes the complaint in the light most favorable to the nonmoving party. *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005). The court must accept all well-pleaded facts as true and draw all reasonable inferences in the plaintiff's favor. *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). The court also liberally construes a complaint filed by a *pro se* litigant like Mr. Chen. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotation marks and citations omitted). However, "*pro se* litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record," *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir.1986), and the court cannot supply essential facts that the *pro se* plaintiff has failed to plead, *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

**B.  Defendants' Motion to Dismiss**

Liberally construed, Mr. Chen's complaint alleges that: (1) Defendants violated 15 U.S.C. § 1681e(b), the provision of the FCRA that requires a consumer reporting agency ("CRA") to follow reasonable procedures to "assure maximum possible accuracy" of the information in a report, and (2) Defendants violated RCW 10.97.060, a provision of the CRPA that requires criminal justice agencies ("CJAs") to delete certain nonconviction data upon request if two years have elapsed since the entry of a disposition favorable to the defendant.  (*See* Compl. at 4; Resp. (Dkt. # 9) at 3.)  Defendants argue that Mr. Chen's complaint fails to state a claim because Defendants "reported in-scope and accurate public record information about [Mr. Chen] under both the federal and state statutes." (MTD at 1.)

    1.    <u>Fair Credit Reporting Act</u>

Under the FCRA, a CRA may only report "adverse item[s] of information," including dismissed charges but excluding criminal convictions, for seven years after the adverse event.  15 U.S.C. § 1681c(a)(5).  When seven years have elapsed since the adverse event, the FCRA prohibits CRAs from lawfully reporting that adverse information.  *Id.*  The FCRA also requires a CRA preparing a report to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."  15 U.S.C. § 1681e(b).  To state a claim that a CRA violated Section 1681e(b), a plaintiff must allege facts giving rise to the reasonable inference that his consumer report contains inaccurate information and that the CRA did not follow reasonable procedures to assure maximum possible

accuracy. *See Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995). Defendants argue that Mr. Chen's complaint fails to state a claim under the FCRA because: (1) Defendants' reporting of Mr. Chen's dismissed charges from six years ago is timely under Section 1681c(a)(5), and (2) Mr. Chen does not allege that Defendants reported inaccurate information or failed to follow reasonable procedures. (*See* MTD at 5, 7.)

However, Mr. Chen does not allege that Defendants violated Section 1681c(a)(5). (*See generally* Compl. (referencing only the accuracy provision of the FCRA and RCW 10.97.060).) Instead, Mr. Chen relies specifically on 15 U.S.C. § 1681e(b)—the provision dealing with accuracy.[4] (*See* Compl. at 4; Resp. at 4.) To state a claim under 15 U.S.C. § 1681e(b), Mr. Chen must sufficiently allege that Defendants prepared a report containing inaccurate information. *See Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995). Information is inaccurate if it is either "patently incorrect" or "materially misleading." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009).[5] Information is "materially misleading" if it is "misleading

---

[4] In Mr. Chen's response to the motion to dismiss, he confirms that he did not allege that Defendants violated 15 U.S.C. § 1681c(a). (*See* Resp. at 4.) With respect to the age of the dismissed charges, he specifically states that his complaint alleged Defendants violated the "two year requirement as stated by state law RCW 10.97.060, instead of federal law U.S.C. section 1681c(a)-(b)." (*Id.*)

[5] Although *Gorman* involved a claim under a different provision of the FCRA, courts have applied the same standard to Section 1681e(b). *See, e.g.*, *Ramirez v. Trans Union, LLC*, 301 F.R.D. 408, 422 (N.D. Cal. 2014); *Starkey v. Experian Info. Sols., Inc.*, 32 F. Supp. 3d 1105, 1108 (C.D. Cal. 2014); *Prianto v. Experian Info. Sols., Inc.*, No. 13-CV-03461-TEH, 2014 WL 3381578, at *3 (N.D. Cal. July 10, 2014); *Lewis v. Trans Union, LLC*, No. 1:13-CV-00229-LJO, 2013 WL 3456999, at *3 (E.D. Cal. July 9, 2013).

in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010) (quoting *Gorman*, 584 F.3d at 1163).

Mr. Chen fails to state a claim under Section 1681e(b) because his complaint fails to adequately allege inaccuracy. Specifically, Mr. Chen fails to allege that he was not subject to the charges reported or that the charges against him were not dismissed. (*See generally* Compl.) Instead, he relies on three other theories in alleging that the report was inaccurate. (*See* Resp. at 2-5.)

First, Mr. Chen's complaint alleges that the report was inaccurate because it stated that his charges were "dismissed" instead of stating that they were "dismissed with prejudice."[6] (*See* Compl. at 2; Resp. at 3.) However, this allegation is insufficient to give rise to an inference that the report was "patently incorrect" or "materially misleading." *See Gorman*, 584 F.3d at 1163. Reporting the charges as dismissed is not "patently inaccurate" because a charge that is dismissed with prejudice is necessarily dismissed. *Cf. Childress v. Experian Info. Sols., Inc.*, 790 F.3d 745, 747 (7th Cir. 2015) (finding that reporting a bankruptcy case as "dismissed" instead of "withdrawn" was not inaccurate because "[e]very bankruptcy case that is 'withdrawn' at the request of the petitioner is dismissed").

//

---

[6] Defendants contend that this allegation is not in Mr. Chen's complaint and therefore cannot serve as a basis to avoid dismissal. (*See* Reply at 5.) However, Mr. Chen's complaint states that the report lists two counts "both incorrectly showed as 'Dismissed' [when in] fact [they were] 'Dismissed with Prejudice.'" (Compl. at 2.)

Although the omission of information can render a report inaccurate if the omission is "materially misleading," Mr. Chen's complaint is devoid of any facts giving rise to a plausible inference that the report materially misled his employer by omitting the fact that the dismissal was with prejudice. (*See generally* Compl.); *Gorman*, 584 F.3d at 1163. Specifically, Mr. Chen does not allege any facts giving rise to a plausible inference that the alleged omission would adversely affect an employer's assessment of an employee. (*Id.*) As a result, he has not adequately alleged that the omission makes the report inaccurate for purposes of Section 1681e(b). *See, e.g.*, *Wenning v. On-Site Manager, Inc.*, No. 14 CIV. 9693 (PAE), 2016 WL 3538379, at *13-14 (S.D.N.Y. June 22, 2016), *reconsideration denied*, No. 14 CIV. 9693 (PAE), 2016 WL 3745849 (S.D.N.Y. July 8, 2016), and *appeal dismissed*, No. 16-2661 (Aug. 1, 2016) (finding no inaccuracy on the basis that a credit report described the parties as "plaintiff" and "defendant" instead of "petitioner" and "respondent" because "plaintiffs offer nothing beyond unpersuasive speculation to suggest that a landlord's assessment of a prospective tenant would be affected by whether the tenant was described as a defendant or as a respondent"); *Bailey v. Equifax Info. Servs., LLC*, No. 13-10377, 2013 WL 3305710, at *6 (E.D. Mich. July 1, 2013) (finding that the plaintiff's conclusory allegations that the report was misleading were insufficient to state a claim).

Furthermore, courts have concluded that a CRA's failure to provide additional information "to explain the significance of an accurate report entry"—which is the deficiency that Mr. Chen alleges—is "not the type of misleading omission that has been found sufficient to fulfill the inaccuracy element of a § 1681e(b) claim." *Taylor v.*

*Screening Rep., Inc.*, No. 13 Civ. 2886, 2015 WL 4052824, at *5 (N.D. Ill. July 2, 2015) (finding that the plaintiff failed to adequately allege inaccuracy where the report indicated that an eviction case was filed against her but did not specify that the eviction was connected to a foreclosure against another party); *see Haro v. Shilo Inn*, No. CIV. 08-6306-AA, 2009 WL 2252105, at *3 (D. Or. July 27, 2009) (finding that the plaintiff failed to make a prima facie showing of inaccuracy where the report omitted the reason for the dismissal of the reported charge); *Carvalho*, 629 F.3d at 891-92 (finding a CRA's report of a past due collection account arising from a disputed medical bill was not misleading as the plaintiff did not dispute that the account belonged to her or that the amount owing was facially accurate); *Sepulvado v. CSC Credit Servs., Inc.*, 158 F.3d 890, 896 (5th Cir. 1998) (finding that the failure to provide details about the origins of an accurately reported debt did not make the report misleading for the purposes of a Section 1681e(b) claim).

Mr. Chen's second theory is that Defendants' report violated Section 1681e(b) because Washington law obligates a CJA to delete certain nonconviction data upon request if two years have elapsed, unless certain exceptions apply. (*See* Resp. at 3); RCW § 10.97.060. A CJA is "[a] court" or "a government agency which performs the administration of criminal justice pursuant to a statute or executive order and which allocates a substantial part of its annual budget to the administration of criminal justice." RCW § 10.97.030(5). This statute does not impose obligations on Defendants because they do not meet the statutory definition of a CJA. And the fact that Mr. Chen's dismissed charges were eligible for deletion by a CJA upon his request does not give rise

to an inference that Defendants reported "patently inaccurate" or "materially misleading" information.

Relatedly, to argue that Defendants' report was inaccurate, Mr. Chen relies on the state court order he obtained that directs CJAs and private entities, including Truescreen, Inc., to expunge records in their possession related to Mr. Chen's dismissed charges. (*See* Pierce Cty. Dist. Ct. Order.) However, Mr. Chen obtained the expungement order more than six weeks after Defendants prepared the report and almost five weeks after Mr. Chen filed his complaint. An expungement order entered after Defendants prepared the report cannot support a claim that Defendants' report was inaccurate because it included expunged charges.

With respect to the expungement order, Defendants contend that a report's inclusion of criminal records that have been expunged "is not an . . . inaccuracy for purposes of a § 1681e(b) claim," but instead, relevant to other statutory obligations not cited by Mr. Chen. (Reply (Dkt. # 12) at 4.) For that proposition, Defendants rely only on *Jones v. Sterling Infosystems, Inc.*, 317 F.R.D. 404, 408-10 (S.D.N.Y. 2016), in which a district court noted that Section 1681e(b) imposes obligations on CRAs that are distinct from the obligations imposed by Section 1681k(a)(1)-(2), which requires a CRA to "maintain strict procedures" to ensure that reported public record information "is complete and up to date." However, the court in that case was not asked to decide whether a plaintiff can state a cognizable claim under Section 1681e(b) for reporting a charge that had been expunged. The case concerned a separate issue—whether Section 1681k(a)(2) required a CRA to include all personally identifying information from the

underlying publicly available courthouse records. *Jones*, 317 F.R.D. at 410. Nevertheless, the court need not decide whether reporting an expunged record is a cognizable inaccuracy under Section 1681e(b) because, as discussed above, the state court expunged Mr. Chen's records after Defendants prepared the report at issue in this case. (*See* Pierce Cty. Dist. Ct. Order.)

Finally, Mr. Chen argues that Defendants' report is inaccurate because Defendants should be required "to rely on Washington State Patrol . . . as their first checkpoint for criminal records," instead of "exploiting backdoors from the public nature of the court system." (Resp. at 4.) He argues that the Washington State Patrol "has no history for [him] at all for this record." (*Id.*; *see* Compl. at 2.) However, the fact that the Washington State Patrol does not release nonconviction information does not give rise to a plausible inference that the reported data was inaccurate.

For the reasons addressed above, Mr. Chen fails to state a cognizable claim that Defendants' report was inaccurate for the purposes of 15 U.S.C. § 1681e(b). Accordingly, the court dismisses the claim.

2. RCW 10.97.060

Mr. Chen also contends that Defendants violated RCW 10.97.060 by reporting charges that were dismissed more than two years ago. (*See* Compl. at 4-5; Resp. at 3-4.) But RCW 10.97.060 does not apply to Defendants. As discussed above, RCW 10.97.060 obligates only CJAs to delete certain nonconviction data upon the request of the subject of the data if two years have elapsed, and Defendants do not meet the statutory definition of a "criminal justice agency." *See* RCW § 10.97.030(5); *supra* § III.B.1. Thus, Mr.

Chen fails to state a cognizable claim against Defendants under that provision. Accordingly, the court dismisses that claim.[7]

###  3. Leave to Amend

When dismissing a case for failure to state a claim, the district court "should grant leave to amend . . . unless [the court] determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)) (internal quotation marks omitted). Where amendment of the complaint would be futile, the court need not permit leave to amend even under the liberal construction of *pro se* pleadings. *Lopez*, 203 F.3d at 1128; *Nunes v. Ashcroft*, 375 F.3d 810, 813 (9th Cir. 2004). Thus, if there is a clear legal or factual bar to the plaintiff's claims that cannot be overcome by the allegation of additional facts, leave to amend need not be granted. In this case, any amendment to (1) Mr. Chen's FCRA claim could not overcome the fact that the challenged information in the report Defendants issued to his employer was not inaccurate under Section 1681e(b), and (2) Mr. Chen's claim under RCW 10.97.060 could not overcome the fact that Defendants are not CJAs subject to the obligations of that provision. Accordingly, amendment based on these facts would be futile, and the court grants Defendants' motion to dismiss without leave to amend.

---

[7] Mr. Chen also argues that Defendants violated a California state law that prohibits an employer from asking an applicant to disclose nonconviction data. (*See* Resp. at 9 (citing CAL. LABOR CODE § 432.7).) However, Mr. Chen did not make this allegation in his complaint (*see generally* Compl.), and "a complaint may not be amended by the briefs in opposition to a motion to dismiss," *Frenzel v. AliphCom*, 76 F. Supp. 3d 999, 1009 (N.D. Cal. 2014) (internal quotation marks omitted). Accordingly, the court does not further consider the argument.

## C. Remand

In Mr. Chen's response, he asks the court to remand the action to state court. (*See* Resp. at 8); *see also* 28 U.S.C. § 1447(c) (providing that a plaintiff may move to remand a case to the state court based on a procedural defect within 30 days after the notice of removal is filed). Mr. Chen argues the court should remand the case because Defendants "failed to include some documents Plaintiff filed in the state court action . . . including but not limited to [the] Affidavit of Service from Seagull." (Resp. at 8.) Indeed, 28 U.S.C. § 1446 requires a defendant removing an action from a state court to file in the district court a notice of removal "together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). However, even if Mr. Chen is correct that Defendants failed to file a state court document upon removal, Defendants' error is a *de minimis* procedural defect that is curable even after the expiration of the 30-day removal period. *See Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1142 (9th Cir. 2013) (rejecting a plaintiff's argument that a case should be remanded because the defendant did not attach the original complaint to its notice of removal). Accordingly, the court denies Mr. Chen's request to remand. Because the court dismisses Mr. Chen's complaint without leave to amend, Defendants need not cure any failure to file a copy of the process served upon them in the state action.

//

//

//

## IV. CONCLUSION

For the reasons set forth above, the court GRANTS Defendants' motion to dismiss (Dkt. # 7) and DISMISSES Mr. Chen's complaint without leave to amend and without prejudice.

Dated this 25th day of August, 2017.

JAMES L. ROBART
United States District Judge